```
                   UNITED STATES DISTRICT COURT
                        DISTRICT OF NEVADA

HISCOX DEDICATED CORPORATE MEMBER  )   2:09-CV-1166-ECR-RJJ
LTD. AND CERTAIN OTHER             )
UNDERWRITERS AT LLOYD'S, LONDON,   )   MINUTES OF THE COURT
WHO SUBSCRIBED LLOYD'S POLICY NO.  )
HD 0001594,                        )   DATE: July 19, 2010
                                   )
     Plaintiffs,                   )
                                   )
vs.                                )
                                   )
DAVID ALLEN CONDON, INDIVIDUALLY,  )
AND DOING BUSINESS AS DC           )
COLLECTIBLES,                      )
                                   )
     Defendant.                    )
_____)
                                   )
DAVID ALLEN CONDON, INDIVIDUALLY,  )
AND DOING BUSINESS AS DC           )
COLLECTIBLES,                      )
                                   )
     Counter-Claimant,             )
                                   )
vs.                                )
                                   )
HISCOX DEDICATED CORPORATE MEMBER  )
LTD. AND CERTAIN OTHER             )
UNDERWRITERS AT LLOYD'S, LONDON,   )
WHO SUBSCRIBED LLOYD'S POLICY NO.  )
HD 0001594,                        )
                                   )
     Cross-Defendant.              )
_____)
```

PRESENT:      EDWARD C. REED, JR.                    U. S. DISTRICT JUDGE

Deputy Clerk:    COLLEEN LARSEN         Reporter:      NONE APPEARING

Counsel for Plaintiff(s)                    NONE APPEARING

Counsel for Defendant(s)                    NONE APPEARING

<u>MINUTE ORDER IN CHAMBERS</u>
     Now pending are a motion for summary judgment (#47), filed by Plaintiffs on February 24, 2010, and a motion for partial summary judgment (#49), filed by Plaintiffs on March 3, 2010.  Defendant has opposed (#57) the first of these motions (#47), and Plaintiffs have replied (#59).  The second motion

(#49), which addresses only Defendant's second counterclaim for relief for tortious breach of the implied covenant of good faith and fair dealing, is unopposed. (See Non-Opposition (#61).) This second motion (#49), therefore, will be granted, and we turn now to discussion of the first (#47).

Plaintiffs argue that the evidence in the record admits of only one conclusion, namely, entry of summary judgment in their favor. Certainly, there is substantial evidence in the record in support of Plaintiffs' interpretation of the facts, which is that Defendant took out a $2 million insurance policy on property, some 100,000 sheets of Marilyn Monroe Trading Card, that he knew to be damaged and worthless, in an attempt to defraud Plaintiffs. Plaintiffs allege that in doing so, Defendant made a number of fraudulent misrepresentations, justifying the recision or voidance of the policy.

Nevertheless, Plaintiffs' claims rest on a highly factual inquiry into Defendant's state of mind and the condition of the trading cards. Taking all reasonable inferences in Defendant's favor, as we must in the present procedural posture, we cannot say that no reasonable jury could rule in Defendant's favor. A jury would be free to accept Defendants' explanations of his seemingly inconsistent statements and his characterization of the circumstances surrounding the initial purchase of the trading cards. Though Plaintiffs' expert opines that the trading cards were likely damaged prior to 2008, when the policy was issued, the jury would be free to disbelieve him.

Plaintiffs insist that the "facts of this case are almost identical" to those of Claflin v. Commmonwealth Insurance Co., 110 U.S. 81 (1884), a case that remains good law, its venerable age notwithstanding. (See Reply at 14 (#59).) It is noteworthy, however, that Claflin did not involve a ruling in the insurer's favor on summary judgment. Rather, the Supreme Court upheld a trial court's rulings relating to jury instructions. Claflin, 110 U.S. at 97. Plaintiffs are entitled to a jury instruction in accord with the rule stated in Claflin, but it is the province of the jury to determine the facts to which that rule must be applied.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiffs' motion for summary judgment (#47) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for partial summary judgment (#49) relating to Defendant's second counterclaim for relief for tortious breach of the implied covenant of good faith and fair dealing is **GRANTED**.

LANCE S. WILSON, CLERK

By     /s/    
    Deputy Clerk